

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 598-6735

April 7, 2026

**Via CM/ECF**

Nwamaka C. Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

  RE: *Manis v. USDA*, No. 25-2001

Dear Ms. Anowi:

  We write in response to plaintiff's letter regarding the Fifth Circuit's decision in *Intuit, Inc. v. FTC*, --- F.4th ---, 2026 WL 787527 (5th Cir. Mar. 20, 2026). There, the Fifth Circuit held that "deceptive advertising claims under the FTC Act … involve private rights that demand adjudication in an Article III court" because, the court reasoned, such claims had a "close relationship" to "actions at common law or equity for fraud, deceit, or unfair competition" that "long predated the FTC Act and could be enforced by private parties." *Id.* at \*5, \*8.

  *Intuit* does not support plaintiff's challenge to the U.S. Department of Agriculture's enforcement of the Horse Protection Act at issue here. The Fifth Circuit in *Intuit* expressly limited its holding to deceptive advertising claims. 2026 WL 787527, at \*1 n.2. The court did not address other unfair competition claims governed by the FTC Act, *id.*, much less purport to opine on whether enforcement actions under the Horse Protection Act concern private rights. In addition, even assuming the validity of the Fifth Circuit's reasoning in *Intuit*,[1] it has no bearing on the public-rights analysis here. The court there emphasized what it deemed to be the "close relationship" between deceptive advertising claims and pre-existing claims at common law. But as the

---

  [1] The time for the government to seek further review of the Fifth Circuit's decision has not yet run.

1

government explained, Gov't Br. 18-22, there is no "common law offense" equivalent to the prohibition on cruel and inhumane treatment of horses contained in the Horse Protection Act. *People v. Brunell*, 48 How. Pr. 435, 436 (N.Y. Gen. Sess. 1874). Indeed, plaintiff has made no showing that any equivalent duty "predated" the Horse Protection Act or "could be enforced by private parties." *Intuit*, 2026 WL 787527, at *8. The Horse Protection Act thus concerns public rights, not private ones, because "[i]n both concept and execution," the statute is "self-consciously novel." *SEC v. Jarkesy*, 603 U.S. 109, 137 (2024).

Sincerely,

*/s/ David L. Peters*
David L. Peters

cc:     All counsel (via CM/ECF)