# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JOE MANIS,

 *Plaintiff-Appellant,*

 *v.*

UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.,

 *Defendants-Appellees.*

No. 25-2001

## GOVERNMENT'S UNOPPOSED MOTION TO DISMISS THE CASE AS MOOT

Pursuant to Federal Rule of Appellate Procedure 27, the federal defendants move to dismiss the appeal as moot. This case concerns a challenge to an administrative proceeding initiated by the Secretary of Agriculture (Secretary) to enforce provisions of the Horse Protection Act. *See generally Manis v. U.S. Dep't of Agric.*, No. 24-1367, 2025 WL 2389422 (4th Cir. Aug. 21, 2025). On April 23, 2026, the Secretary moved in the administrative proceeding to withdraw the underlying complaint based on the Secretary's determination that it "is not necessary to pursue the violations alleged in the complaint at this time in order to effectuate the program's purposes." Order Dismissing Complaint Without Prejudice 1, *In re: Manis*, HPA Docket No. 23-J-0044, U.S. Dep't of Agriculture (May 15, 2026) (Dismissal Order).[1]

---

[1] A copy of the dismissal order is attached to this motion.

On May 15, 2026, the acting Judicial Officer granted the Secretary's motion and dismissed the administrative proceeding. Dismissal Order at 1. Because the challenged administrative proceeding that is the subject of this case has now been terminated, this "dispute is no longer embedded in any actual controversy about the plaintiff['s] particular legal rights" and should be dismissed as moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91(2013) (quotation marks omitted). The motion is unopposed.

1.     Congress enacted the Horse Protection Act to protect horses from the "cruel and inhumane" practice of "soring," 15 U.S.C. § 1822(1), which causes them to "suffer[] physical pain or distress, inflammation, or lameness," *id.* § 1821(3). To stamp out this abusive practice, Congress made it unlawful to show or exhibit a horse that is sored, and it imposed penalties for violations of that prohibition. Congress vested responsibility for enforcing these provisions in the U.S. Department of Agriculture (Department). The Secretary of Agriculture may initiate enforcement actions that are adjudicated in the first instance by an administrative law judge and that can be later reviewed by the Secretary or her delegee, the Judicial Officer. Any person who is found to have violated the statute and is assessed a civil penalty can seek judicial review. *Id.* § 1825(b)(2).

2.     This case arises from an enforcement action to determine whether plaintiff showed a horse that was sored in violation of the statute. Plaintiff sued in district court to enjoin the proceeding, arguing that the enforcement action was

2

constitutionally deficient in certain respects, including that (1) the Department's Judicial Officer was not properly appointed by the President and confirmed by the Senate under the Constitution's Appointments Clause, and (2) any violation of the Horse Protection Act must be tried in an Article III court with a jury as factfinder. The district court rejected plaintiff's arguments and entered judgment for the Secretary.

3. As detailed above, the Secretary moved to withdraw the underlying complaint in the administrative proceeding on April 23, 2026. The Secretary determined that it "is not necessary to pursue the violations alleged in the complaint at this time in order to effectuate the program's purposes." Dismissal Order at 1. Plaintiff submitted no response to the withdrawal motion. Accordingly, on May 15, 2026, the acting Judicial Officer granted the Secretary's motion and dismissed the proceeding without prejudice. Dismissal Order at 1.

4. The dismissal of the underlying administrative proceeding against plaintiff renders this appeal moot. The Constitution limits the federal courts' jurisdiction to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 2. "[A]n actual controversy must be extant at all stages of review[.]" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quotation marks omitted). Thus, a "case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) (quotation marks

3

omitted). A case has become moot when "the parties lack a legally cognizable interest in the outcome." *Already*, 568 U.S. at 91 (quotation marks omitted). That is true if an intervening event "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quotation marks omitted). That is the case here: Plaintiff's suit was a collateral attack on the constitutionality of the underlying adminsitrative proceeding. The dismissal of that proceeding means that there is no longer anything for a court to enjoin or declare unlawful. Indeed, this Court routinely holds that the withdrawal of challenged agency action renders the challenge moot. *See American Fed'n of Gov't Emps. v. Office of Special Couns.*, 1 F.4th 180, 187 (4th Cir. 2021) ("The basic problem with appellants' argument is that the [agency] guidance of which they complain is no longer in effect."); *Bahnmiller v. Derwinski*, 923 F.2d 1085, 1089 (4th Cir. 1991) ("Withdrawal or alteration of administrative policies can moot an attack on those policies.").

5. No exception to mootness applies. The voluntary cessation doctrine is inapplicable because the Secretary withdrew the administrative complaint based on the reasoned determination that pursuing the alleged violations would not effectuate the program's purpose, Dismissal Order at 1, not to "avoid[] judgment in court," *American Fed'n of Gov't Emps.*, 1 F.4th at 187 (quotation marks omitted). There is no indication that the Secretary intends to file a renewed complaint based on the same underlying conduct alleged here; to the contrary, the Secretary has agreed that the agency will not bring any administrative action against plaintiff based on or otherwise

4

related to any of the alleged violations that were the subject of the challenged administrative action here. Nor are plaintiff's claims "capable of repetition yet evading review" because the Department's administrative proceedings are not "in [their] duration too short to be fully litigated prior to [their] cessation or expiration." *Id.* at 165 (quotation marks omitted).

6. If the Court concludes that this appeal is moot, the government consents to vacatur of the district court's judgment. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950); *Catawba Riverkeeper Found. v. North Carolina Dep't of Transportation*, 843 F.3d 583 (4th Cir. 2016).

7. Counsel for plaintiff has indicated that plaintiff consents to this motion.

Respectfully submitted,

*/s/ David L. Peters*

DAVID L. PETERS
*Attorney, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530*
*(202) 598-6735*

MAY 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared in 14-point Garamond, and that it complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,026 words, according to the word count of Microsoft Word.

/s/ David L. Peters
David L. Peters

# CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ David L. Peters*
David L. Peters

**UNITED STATES DEPARTMENT OF AGRICULTURE
BEFORE THE SECRETARY OF AGRICULTURE**

In re:

Joe Manis, an individual,

HPA Docket No. 23-J-0044

Respondent.

### ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

Appearances:

*Bianca Ricketts, Esq., and John V. Rodriguez, Esq., each with the Office of the General Counsel, United States Department of Agriculture, Room 2338 South Building Stop 1413, 1400 Independence Ave SW, Washington, DC 20250-1413, representing the Administrator, Animal and Plant Health Inspection Service, United States Department of Agriculture ("APHIS" or Complainant); and*

*Thomas B. Kakassy, Esq., PO Box 2436, Gastonia, NC 28053, for the Respondent Joe Manis.*

On April 23, 2026, Complainant filed a Notice of Withdrawal of Complaint stating it "has determined that it is not necessary to pursue the violations alleged in the complaint at this time in order to effectuate the program's purposes" and requesting "the complaint be dismissed without prejudice."

This notice was served on Respondent and received on April 23, 2026. Respondent has submitted no response to the Notice of Withdrawal.

THEREFORE, pursuant to Complainant's notice, the May 19, 2023 Complaint is dismissed without prejudice.

Copies of this Order shall be served by the Hearing Clerk upon each of the parties.

Issued this 15th day of May 2026, at Washington, D.C.

CHANNING
STROTHER

Digitally signed by CHANNING
STROTHER
Date: 2026.05.15 11:17:46 -04'00'

Judge Channing D. Strother
Acting Judicial Officer
Office of the Secretary

Hearing Clerk's Office
U.S. Department of Agriculture
South Building, Room 1031
1400 Independence Avenue, SW
Washington, D.C. 20250-9203
Tel:     1-202-720-4443
Fax:     1-844-325-6940
SM.OHA.HearingClerks@usda.gov

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

**Joe Manis, Respondent**
**Docket No.: 23-J-0044**

I HEREBY CERTIFY that a true and correct copy of the ***ORDER DISMISSING COMPLAINT W/O PREJUDICE*** has been furnished and was served upon the following parties on May 15, 2026 by the following:

USDA (OGC) - Electronic Mail
Bianca Ricketts, OGC
Bianca.Ricketts@usda.gov
John V. Rodriguez, OGC
John.Rodriguez@usda.gov
Donna Erwin, OGC
Donna.Erwin@usda.gov

USDA (APHIS) - Electronic Mail
IESLegals, APHIS
IESLegals@usda.gov
AC CAS Mailbox, APHIS
AC.CAS.Mailbox@usda.gov

Counsel for Respondent – Electronic Mail
Thomas B. Kakassy
P.O. Box 2436
Gastonia, NC  28053
Phone: (704) 867-1795
Tom@kakassylaw.com

Amy Choate – (***Administrative Assistant***)
amy@kakassylaw.com

Type text here

Respectfully Submitted,

*Marilyn T. Kennedy*

---

Marilyn T. Kennedy, Hearing Clerk
USDA/Office of Administrative Law Judges
Hearing Clerk's Office, Room 1031-S
1400 Independence Ave., SW
Washington, DC  20250-9203